**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CATHERINE KOM,

Plaintiff,

v.

SSOD HOLDINGS, INC., CHARLES SMITH DISTELRATH,

Defendants.

Case No.: 25-cv-0579-BJC-AHG

**ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES**

**[ECF No. 22]**

Pending before the Court is Plaintiff Catherine Kom's ("Plaintiff") Amended Motion for Attorneys' Fees. ECF No. 22.

## I. BACKGROUND[1]

This case concerns the purchase of a portion of Plaintiff's online fitness business by Defendants. ECF No. 1 ¶ 1. In April 2022, Defendant SSOD approached Plaintiff regarding purchasing the portion of Plaintiff's business that provided on-demand online fitness classes to subscribers. FAC ¶¶ 1-2. The transaction and sale of the on-demand portion of the business closed on June 29, 2023. FAC ¶43. The Membership Interest

[1] Facts are taken from the Complaint.

Purchase Agreement ("Purchase Agreement") provided that $2,250,000.00 was to be paid at closing. FAC ¶ 44. Additional terms of the agreement included (1) the Restated First Promissory Note ("Note 1"), which stated that SSOD promised to pay Plaintiff $382,500.00 with 4% interest per annum, in monthly installments of $9,775.00 for 42 months beginning on February 27, 2024;[2] and (2), the Restated Second Promissory Note ("Note 2") in which SSOD promised to pay Plaintiff another $382,500.00 with 4% interest per annum, structured as a balloon payment, to be paid in full when SSOD's cumulative net profits exceeded $1,000,000.00.[3] FAC ¶ 44.

Plaintiff claims that SSOD has defaulted on its obligations under the Purchase Agreement, Note 1, and Note 2. FAC ¶ 5. On March 11, 2025, Plaintiff commenced the instant action asserting eleven causes of action, including breach of contract, specific performance, unjust enrichment, fraudulent misrepresentation, and concealment. ECF No. 1. On March 18, 2025, Plaintiff filed a First Amended Complaint, adding Defendant Charles Smith Distelrath. ECF No. 3. On April 15, 2025, the Court granted the parties joint motion for extension of time, allowing Defendants to file a responsive pleading no later than May 9, 2025. ECF No. 6. To date, Defendants have not filed a responsive pleading.

On May 15, 2025, Plaintiff filed Motions for Entry of Default against Defendants Charles Smith Distelrath (ECF No. 8) and SSOD (ECF No. 9). On May 30, 2025, Defendant Distelrath filed a Notification of Bankruptcy which operated as an automatic stay of the action against him. ECF No. 10. On June 9, 2025, Plaintiff filed a Request for Entry of Judgment Against Defendant SSOD. ECF No. 11. The Clerk of Court entered

---

[2] After SSOD missed their first payment deadline for the first promissory note, Plaintiff agreed to grant SSOD an extension of approximately two weeks and modify the payment structure to bi-monthly payments of $4,888.00 to assist them. ECF No. 3 ¶ 44.

[3] The net profits were to be calculated annually, and SSOD was obligated to provide financial reports to Plaintiff annually. *Id*

default against Defendant SSOD on June 10, 2025. ECF No. 12. On June 25, 2025, Plaintiff filed a Motion for Default Judgment against Defendant SSOD. ECF No. 15. On July 23, 2025, Defendant Distelrath filed a report on the status of his bankruptcy petition, stating there was no estimate about when the proceeding would conclude. ECF No. 16.

By Order dated March 11, 2026, the Court granted, in part, Plaintiff's Motion for Default Judgment, awarding Plaintiff actual damages in the amount of $967,912.39; post-judgment interest in accordance with the rate set forth in 28 U.S.C. §1961(a); denying Plaintiff's request for treble and punitive damages in the amount of $2,898,170.49; and denying Plaintiff's request for attorney's fees and costs for Plaintiff's failure to provide sufficient supporting documentation regarding the appropriateness of the hourly rates and billing statements. ECF No. 19. On March 25, 2026, Plaintiff filed the present Amended Motion for Attorneys' Fees. ECF No. 22. The Court **GRANTS** the Motion for the reasons stated below.

## II. LEGAL STANDARD

"Federal courts apply state law in determining whether to award attorneys' fees in an action on a contract." *Doan v. Singh*, No. 1:13-cv-00531-LJO-SMS, 2013 WL 5718720, at *3 (E.D. Cal. Oct. 18, 2013). Because the present case arises from a breach of contract, the relevant provision is California Civil Code Section 1717, which generally provides that attorneys' fees may be recovered by the "party prevailing on the contract" where "the contract specifically provides" for attorneys' fees and costs. Cal. Civ. Code § 1717. Here, Note 1 and Note 2 expressly provide that Plaintiff will receive reasonable attorneys' fees and expenses upon event of default. ECF No. 15-3 ¶ 4; ECF No. 15-4 ¶ 4. Therefore, Plaintiff is entitled to attorneys' fees and costs.

To calculate a reasonable attorneys' fees award, courts employ the lodestar method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under this method, a court multiplies the number of hours the prevailing party reasonably expended on the matter by a reasonable hourly rate. *Id.* A reasonable hourly rate is determined by the "rate prevailing in the community for similar work performed by attorneys of

comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Counsel may file affidavits which constitute "satisfactory evidence of the prevailing market rate" and create a rebuttable presumption of reasonableness. *Camacho*, 523 F.3d at 980 (internal citations omitted).

In the Ninth Circuit, district courts "have a duty to ensure that claims for attorneys' fees are reasonable, and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case[.]" *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (internal quotation marks and citation omitted). "In a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court." *Id.*; *see Currie v. Shaw*, No. 13-cv-1515, 2014 U.S. Dist. LEXIS 96076, at *5–6 (D. Or. June 6, 2014) ("Even absent objections from the opposing party, as in a default-judgment case, the court has an independent duty to review a fee petition for reasonableness.")

Here, Plaintiff's counsel seeks $72,941.50 in attorneys' fees and $1,080.00 costs. ECF No. 22-2 ¶ 14. The requested attorney fees are as follows:

> In this matter, Attorney Monica Y. Hernandez billed $1,206.50 at an hourly rate of $635 for 1.9 hours of work; Attorney Hannah D. Kays billed $27,020.00 at an hourly rate of $350 for 77.2 hours of work; and I [Brandon S. Neuman] billed $39,985.00 at an hourly rate of $550.00 for 72.7 hours of work. Also, Angela Williams billed $2,612.50 in paralegal fees at an hourly rate of $275 for 9.5 hours of work, and Eliana M. Hughes billed $2,117.50 in paralegal fees at an hourly rate of $275 for 7.7 hours of work.

*Id.*

Plaintiff's counsel further requests $1,080 in costs, which consists of $405 in filing fees and $675 in service fees. *Id.* ¶ 15.

In support of his fee request, Brandon S. Neuman ("Neuman"), submitted a declaration describing his extensive litigation experience that includes "advising business and individuals on highly complex business matters, including crisis response and high-stakes litigation." ECF No. 22-1 ¶ 6. Neuman stated that he reduced his hourly fee from

$795.00 to $550.00 for this matter to help the "client manage the costs associated with this litigation." *Id.* ¶ 5. He provides support for the hourly rate by noting that this Court has determined that an hourly rate of $595 was reasonable in a similar breach of contract case in this district, citing *Beauschesne v. Ford Motor Co.*, No. 25-CV-69 JLS (DEB), 2026 WL 734533, at *7 (S.D. Cal. Mar. 16, 2026). *Id.* ¶ 8. Neuman has provided detailed billing statements for his fees that support his request. *Id.* at 7.

Neuman further provided support for the fee request for paralegals Angela Williams and Eliana Hughes. *Id.* ¶ 10. He claims that Williams has an hourly rate of $275, reduced from her normal rate of $315 and has twenty years of experience. *Id.* ¶ 9. Hughes has an hourly rate of $275, reduced from her regular rate of $300, and has three years of experience. *Id.* Neuman states that this Court has approved paralegal rates as high as $290 per hour, citing *In re Maxwell Techs., Inc., Derivative Litig.*, No. 13CV966 BEN (RBB), 2015 WL 12791166, at *5 (S.D. Cal. July 13, 2015).

Hannah D. Kays ("Kays"), a senior associate, also submitted a declaration in support of her fee request. ECF Nos. 22-2. Kays states that she has over a decade of litigation experience in sophisticated matters, "handling complex business litigation, including disputes involving partnerships, breach of contract, promissory notes, and employment agreements." *Id.* ¶ 6. She states that her "hourly rate as a senior associate at Nelson Mullins for this matter was set at $350 per hour, which reflects a substantial reduction from my standard rate of $540 per hour . . . [but that she] lowered [her] rate to help [the] client manage the costs associated with this litigation." *Id.* ¶ 5. She attached a copy of the itemized billing statement from the firm detailing the time spent and tasks performed to support her request. ECF No. 22-2, ¶¶ 5-9.

Monica Y. Hernandez ("Hernandez"), a partner, submitted a declaration supporting her fee request. ECF No. 22-3. Hernandez served as local counsel and "provided attorney services in a primarily supervisory capacity, ensuring compliance with applicable local rules and offering guidance on California specific claims and procedures." *Id.* ¶ 5. She described her extensive civil litigation background that includes cases "involving breach

of contract, breach of duty, employment disputes, fraud, product liability, and unfair competition claims." *Id.* ¶ 6. She notes that her hourly rate of $635 is "reasonable and consistent with the prevailing market rate for partner level attorneys of comparable experience and specialization," asserting that this "Court recently determined that hourly rates ranging from $535.4 to $715.00 were reasonable for a partner-level attorney in a lawsuit involving causes of action for, inter alia, breach of contract, unfair competition, and copyright infringement" citing *Twins Special Co. v. Twins Special, LLC*, No. 21-CV-221-JES-DDL, 2025 WL 1292528, at *17 (S.D. Cal. May 5, 2025). *Id.* ¶ 7, 8. Hernandez submitted her billing records that reflect "the itemized attorneys' fees and costs incurred." ECF No. 22-3, Attachment 1.

The Court has reviewed the declarations of counsel, the billing records, and the respective hourly rates and finds that Plaintiff's counsel have sufficiently provided the Court with "evidence that the requested hourly rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Bd. of Trs. of San Diego Elec. Pension Tr. v. Rice Elec., Inc.*, No. 09-CV-1496 -L-RBB, 2010 WL 11508746, at *2 (S.D. Cal. Jan. 14, 2010).

## III. CONCLUSION

//

//

//

//

//

//

//

//

//

//

Accordingly, the Court **GRANTS** Plaintiff's Amended Motion for Attorneys' Fees and awards Plaintiff $72,941.50 in the following amounts:

- Partner Brandon S. Neuman - $39,985.00;
- Partner Monica Y. Hernandez - $1,206.50;
- Attorney Hannah D. Kays - $27,020.00;
- Paralegal Angela Williams - $2,612.50, and
- Paralegal Eliana M. Hughes - $2,117.50.

The Court further awards Plaintiff $1,080.00 for court costs.

**IT IS SO ORDERED**.

Dated: October 21, 2026

Honorable Benjamin J. Cheeks
United States District Judge